Edmund J. Ferdinand, III, Esq. (EF9885)
Alexander R. Malbin, Esq. (AM9385)
FERDINAND IP, LLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 520-4296

15  CV  1355

Attorney for Plaintiff
ERIC JOHNSON

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC JOHNSON, <br><br> Plaintiff, <br><br> - against - <br><br> BEAM SUNTORY, INC., <br><br> Defendant. | Civil Action No. _____ <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Mr. Eric Johnson (hereinafter "Plaintiff"), by and through his undersigned counsel, for his Complaint against Beam Suntory Incorporated ("Defendant"), states and alleges as follows:

## THE PARTIES

1.     Plaintiff Eric Johnson is a citizen of the State of New York, County of New York, with his principal place of business at 472 9th Avenue, Apt. #3, New York, New York, 10018

2.     Upon information and belief, Defendant Beam Suntory Incorporated is an Illinois corporation with its principal place of business at 510 Lake Cook Road, Deerfield, IL 60015.

1

## JURISDICTION AND VENUE

3.      This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). This action arises from Defendant's unauthorized and unlawful reproduction, public display, and distribution of a copyrighted photograph owned by Plaintiff, in willful infringement of Plaintiff's U.S. Copyright Registration No. VA 1-910-544 as well as contributory infringement and inducement of infringements of said Copyright Registration.

4.      This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because Defendant engages in continuous and systematic business activities in the State of New York and/or has purposely directed substantial activities at the residents of New York by means of the web site described herein and derives substantial revenue from interstate commerce.

6.      Venue is proper under 28 U.S.C. § 1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events giving rise to the causes of action alleged herein occurred in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.

## FACTUAL ALLEGATIONS

### A.      PLAINTIFF AND HIS ORIGINAL CREATION AND USE OF HIS COPYRIGHTED PHOTOGRAPH OF AALIYAH

7.      Plaintiff, Eric Johnson, is a successful, award-winning professional photographer and artist. He is a citizen of the State of New York and resides in the Borough of Manhattan.

8.      One focus of Plaintiff's work is photographic portraiture. Plaintiff has been producing iconic photographic portraits of a wide, diverse group of musicians, artists, and

celebrities for over twenty-five years. His photographs have been published in countless books, magazines, newspapers and periodicals, used as cover artwork for music albums, and shown in gallery shows. Many of his more well-known portraits have become truly etched into the public consciousness.

9.      Plaintiff is the legal and beneficial owner of a vast number of his original photographs. Plaintiff has invested significant time, money, resources and manpower over his distinguished and longstanding career in building and maintaining his personal photograph archive.

10.     In June 2001, Plaintiff shot a series of photographic portraits of Aaliyah, the internationally renowned R&B recording artist and actress, just months before her tragic death in August of that year (the "Aaliyah Photographs").[1]

11.     During his photo shoot with Aaliyah, Johnson captured a number of intimate, beautiful shots of the superstar. Certain photographs from that shoot have come to define Aaliyah's enduring image among the public and her devoted fans.

## B.     THE DEFENDANT AND ITS BUSINESS OPERATIONS

12.     Upon information and belief, Defendant, Beam Suntory Inc. is a manufacturer, importer, and marketer of a number of brand-name liquors, including whiskies, tequila, vodka, rum, gin, liqueurs, and cognacs. Upon information and belief, Defendant claims to be the world's third largest premium spirits company, and to generate annual worldwide sales of approximately 4.6 billion dollars ($4,600,000,000).

13.     Upon information and belief, one of Defendant's self-produced premium liquors is Courvoisier brand cognac.

---

[1] The certificate of copyright registration covering the Aaliyah Photographs (U.S. Reg. No. VA 1-910-554), which identifies Plaintiff as author and copyright claimant, is attached hereto at Exhibit 1.

14.    Upon information and belief, Defendant engages in substantial marketing and promotion of Courvoisier, including, but not limited to, online marketing and promotional activities.  Upon information and belief, Defendant has directed marketing and promotion of the Courvoisier brand to the hip-hop R&B music fan community.

15.    Upon information and belief, Defendant is, and has been at all times relevant to this dispute, the registered owner and operator the web site www.Courvoisier.com (the "Courvoisier Website"), and responsible for all of the content contained thereon.

16.    Upon information and belief, Defendant uses the Courvoisier Website as a promotional tool to increase public awareness and recognition of the Courvoisier brand and, ultimately, to boost sales of Courvoisier-brand cognac (including to customers located in the State of New York).

17.    Upon information and belief, Defendant provides technological means on the Website by which third parties who access pages on the Website can reproduce and/or distribute content thereon, including photographic images.

18.    Upon information and belief, Defendant's promotion of its Courvoisier brand also includes purchasing "sponsored articles," full-web-page advertisements on popular online publications' web sites containing article previews and photographic images along with the Courvoisier logo and a link to the page on the Courvoisier Website hosting the full article.

C.    **DEFENDANT'S INFRINGEMENTS OF PLAINTIFF'S PHOTOGRAPH**

19.    Without valid license or permission or authorization from Plaintiff, Defendant has willfully infringed and continues to infringe Plaintiff's copyright in and to one of the Aaliyah Photographs (the "Photograph At Issue") by reproducing, distributing, publicly displaying, and

making available for further reproduction, distribution and public display, such photograph on the Courvoisier Website.[2]

20.    The page on the Website displaying the Photograph At Issue contains technological means by which users who access the page can further reproduce, distribute, and publicly display the Photograph At Issue via social media providers Facebook and Twitter.

21.    Upon information and belief, Defendant has also infringed the Photograph At Issue and contributed to further infringements thereof by third parties ("Third Party Infringers") by distributing the Photograph At Issue to Third Party Infringers for publication in "sponsored articles" on their web sites.[3]

22.    Upon information and belief, Defendant has falsely purported to authorize the Third Party Infringers' use of the Photograph At Issue in contractual agreements relating to the "sponsored articles".

23.    Upon information and belief, Defendant commenced its infringing uses of the Photograph At Issue in or about December 2014.

24.    Upon information and belief, Defendant has purposely used the Photograph At Issue to exploit its recognition among the public and the hip-hop R&B fan community with the intention of attracting web visitor traffic to the Courvoisier Website by its visibility thereon and thereby promoting the Courvoisier brand and, ultimately, increasing sales of Courvoisier cognac.

25.    Upon information and belief, Defendant has driven significant traffic to the Courvoisier Website by the presence of the Photograph At Issue thereon and in "sponsored

---

[2] Attached hereto at Exhibit 2 are true and correct copies of printouts of web pages on the Website showing Defendant's use of the Photograph At Issue, and, at Exhibit 3, a reproduction of Plaintiff's photograph infringed by Defendant. The printouts of the Website attached at Exhibit 2 shows that the Website displays an exact copy of the Photograph At Issue.
[3] A Courvoisier "sponsored article" on the popular fashion, music and art web site www.complex.com, prominently displaying the Photograph Issue and also containing a link to a page on the Website containing the Photograph At Issue, is attached hereto at Exhibit 4.

articles" on the web sites of Third Party Infringers. The increased traffic to the Courvoisier Website has led to the substantial promotion of Defendant's Courvoisier brand directly attributable to its infringement of Plaintiff's copyright in the Photograph At Issue.

26.     Despite being put on notice of its infringing use of the Photograph At Issue and requested to cease its use by undersigned counsel on behalf of Plaintiff, Defendant has failed to remove the Photograph At Issue from the Courvoisier Website. Accordingly, Plaintiff requires this Court's intervention to put a stop to Defendant's continued willful infringement of his copyrights and vindicate his legal rights under the Copyright Act.

27.     Plaintiff has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges to the Photograph At Issue, and obtained the appropriate certificate of copyright registration (attached hereto at Exhibit 1).

28.     Upon information and belief, Defendant has engaged in the infringing acts forming the basis of this Complaint knowingly of, and with reckless disregard for, Plaintiff's rights in the Photograph At Issue, and was aware that its infringing activities constitute infringements under the Copyright Laws of the United States.

29.     As a result of Defendant's willful misconduct described herein, Plaintiff has been substantially harmed.

30.     Plaintiff has no adequate remedy at law. Defendants' infringing acts as described above have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff.

## FIRST COUNT
### (Direct Copyright Infringement)

31.     Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

32.     At all times herein, Plaintiff has been and is still the owner, and proprietor of all right, title and interest in and to the Aaliyah Photographs, including the Photograph At Issue. The Photograph At Issue is an original, creative work of Plaintiff's authorship and constitutes copyrightable subject matter under the Copyright Act.

33.     Plaintiff has complied in all respects with the Copyright Act's prerequisites for a copyright infringement action, including obtaining a certificate of copyright registration from the Copyright Office covering the Photograph At Issue (attached hereto at Exhibit 1).

34.     Defendant has not obtained valid license, authorization or permission to use the Photograph At Issue in any manner, and Plaintiff has not assigned any of his exclusive rights in his copyright in the Photograph At Issue to Defendant.

35.     Without permission or authorization from Plaintiff and in willful violation of his rights under 17 U.S.C § 106, Defendant has improperly and illegally copied, reproduced, distributed, and publicly displayed the Photograph At Issue on the Website.

36.     Without Plaintiff's permission or authorization and in willful violation of his rights under 17 U.S.C § 106, Defendants improperly and illegally reproduced, distributed, and/or licensed unauthorized reproductions of the Photograph At Issue to Third Party Infringers for the purpose of further reproduction, distribution, and public display.

37.     Defendant's use of the Photograph At Issue as set forth in this Complaint violates Plaintiff's exclusive rights under the Copyright Act and constitute willful infringement of Plaintiff's copyrights.

38.     Upon information and belief, thousands of people throughout the United States have viewed the infringing copies of the Photograph At Issue on the Website and the web sites of Third Party Infringers.

39.     Upon information and belief, Defendant has knowledge of the copyright infringements alleged herein, and has knowingly and willfully carried out its infringing activities, continue to do so to this day despite being repeatedly put on notice of its infringement, and will continue to do so unless enjoined by this Court.

40.     As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed in an amount to be proven at trial.

## SECOND COUNT
### (Contributory Copyright Infringement)

41.     Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

42.     Without Plaintiff's permission or authorization and in willful violation of his exclusive rights under 17 U.S.C § 106, Defendant has caused, induced, and or materially contributed to infringements of the Photographs At Issue by Third Party Infringers in violation of Plaintiff's copyright by distributing unauthorized copies of the Photograph At Issue to Third Party Infringers and purporting to authorize its reproduction and public display.

43.     Upon information and belief, as a result of Defendant's activities, Third Party Infringers have infringed Plaintiff's exclusive rights in the Photograph At Issue by hosting and making further reproductions of the Photograph At Issue on their computer hard drives and/or servers, publicly displaying the Photograph At Issue on their own web sites, and making the Photograph At Issue available for further reproduction and or distribution by the public on such web sites.

44.     Defendant had and continues to have knowledge of the infringing uses of the Photographs At Issue by the Third Party Infringers, which it has purported to authorize by its "sponsored article" contractual arrangements with the Third Party Infringers.

45.     Defendants' activities causing, inducing, and/or materially contributing to the infringements committed by Third Party Infringers have been willful, intentional, purposeful, and in disregard of Plaintiff's rights, and have caused substantial damage to Plaintiff.

46.     As a direct and proximate result of Defendants causing, inducing, and/or materially contributing to the infringing conduct of Third Party Infringers, Plaintiff has been substantially harmed in an amount to be proven at trial.

## THIRD COUNT
### *(Inducement of Copyright Infringement)*

47.     Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

48.     Individuals using the Courvoisier Website that Defendant owns, operates, distributes, and promotes, have been provided with technological means to directly infringe and are directly infringing Plaintiff's copyright in the Photograph At Issue by creating and distributing unauthorized reproductions thereof on social media providers Facebook and Twitter.

49.     Defendant's infringing activities have been willful, intentional, purposeful, and in complete disregard of Plaintiff's rights, and has caused substantial damage to Plaintiff.

50.     As a direct and proximate result of Defendant's infringing activities, Plaintiff has been substantially harmed in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

1.     That the Court enter a judgment finding that Defendant has directly and secondarily infringed Plaintiff's U.S. Copyright Reg. No. VA 1-910-544 in violation of 17 U.S.C. § 501 *et seq.* and award damages and monetary and injunctive relief as follows:

a. Statutory damages pursuant to 17 U.S.C. § 504(c) in the amount of $150,000 per infringed work or, in the alternative, Plaintiff's actual damages and disgorgement of Defendant's wrongful profits in amounts to be proven at trial;

b. A permanent injunction pursuant to 17 U.S.C. § 502 enjoining Defendant from directly or secondarily infringing Plaintiff's U.S. Copyright Reg. No. VA 1-910-544; and,

c. Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 505; and,

2. Such other and further relief that the Court determines is just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Dated: February 24, 2015                    Respectfully submitted,

Alexander Malbin, Esq. (AM 9385)
Edmund J. Ferdinand, III, Esq. (EF 9885)
FERDINAND IP, LLC
125 Park Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 520-4296
Fax: (203) 905-6747
Email: amalbin@24iplg.com

Attorney for Plaintiff
ERIC JOHNSON